UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN HORTON,

                           Plaintiff,

      v.                                                                9:22-CV-0906
                                                                                  (BKS/CFH)

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS,

                           Defendant.
_____

APPEARANCES:

BENJAMIN HORTON
Plaintiff, pro se
16-A-3539
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On August 31, 2022, plaintiff Benjamin Horton ("plaintiff") commenced this action by filing a pro se civil rights complaint. Dkt. No. 1 ("Compl."). On September 2, 2022, the matter was administratively closed due to plaintiff's failure to comply with the filing fee requirements. Dkt. No. 2.

On September 19, 2022, plaintiff filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 3), but failed to provide an inmate authorization form, as required by this District. In a Decision and Order filed on October 3, 2022, the Court held plaintiff's IFP in

abeyance pending receipt of an executed inmate authorization form. Dkt. No. 5.

On October 20, 2022, plaintiff filed a second application to proceed IFP, with a signed inmate authorization. Dkt. Nos. 7, 8. In a Decision and Order filed on November 7, 2022, the Court granted plaintiff's second IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 9 (the "November Order"). In the complaint, plaintiff identified the "State of New York Department of Corrections," as the only defendant. *See generally* Compl. Thus, the Court dismissed the claims against the defendant, with prejudice, based upon Eleventh Amendment immunity. *Id.* In light of plaintiff's pro se status, he was afforded the opportunity to submit an amended complaint. *See id.*

On January 25, 2023, in lieu of an amended pleading, plaintiff filed a request, which the Court has construed as a motion for reconsideration of the portion of the November Order directing that deductions shall be taken from plaintiff's inmate account for the filing fee. Dkt. No. 11.

## II. DISCUSSION

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F.Supp.3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation* Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX*

*Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. at 257.  "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F.Supp.2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

In arguing for reconsideration, plaintiff claims he is indigent and asks the court to "reconsider this fee" in the "interest of justice[.]"  *See* Dkt. No. 11.  Plaintiff contends the Court should have advised him that the defendant "has immunity in federal courts" and that "[the Court] don't [sic] handle that kind of case" before "putting a surcharge filing fee" on his inmate account.  *Id.*

Under the PLRA, if a prisoner commences a civil action IFP, the prisoner "shall be required to pay the full amount of the filing fee," 28 U.S.C. § 1915(b)(1), regardless of whether the case is dismissed or denied after filing.  Thus, plaintiff is statutorily required to pay the filing fee from his Inmate Account regardless of the outcome of his lawsuit.  *See Huffman v. Benson*, No. 05-CV-0867, 2006 WL 625844, at *2 (W.D.N.Y. March 9, 2006) (denying inmate's request for a refund of the filing fee because he is statutorily required to pay it).  In granting plaintiff's IFP application, the Court found that plaintiff demonstrated sufficient economic need and filed an executed inmate authorization form acknowledging that the total filing fee would be withdrawn regardless of the outcome of the lawsuit.[1]  Dkt. No. 9

---

[1] In September 2021, plaintiff filed a civil rights action in this District with an application to proceed IFP and an executed inmate authorization form.  *See Horton v. Schenectady County, et al.*, No. 8:21-CV-0983 (LEK/CFH), Dkt. Nos. 2, 4 (N.D.N.Y. filed Sept. 1, 2021).  Thus, plaintiff was aware, prior to the commencement of the within action, that he would be obligated to pay the filing fee regardless of the outcome of the lawsuit.

at 3. As plaintiff has not identified any error in this finding, his argument does not provide a basis for reconsideration.

In light of plaintiff's pro se status, the Court sua sponte grants him additional time to file an amended complaint that complies with the November Order.[2]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint within thirty (30) days from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the remainder of this action is **DISMISSED** without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

---

[2] Plaintiff asserts that the "case was sent to [the District Court] but was supose [sic] to be sent to Court of Claims[.]" Dkt. No. 11 at 1. The complaint was received by the District Court in an envelope addressed to the "Clerk, U.S. District Court, James T. Foley Courthouse, 445 Broadway, Albany, NY, 12207." Dkt. No. 1 at 4. This assertion provides no basis for reconsideration. Moreover, at this juncture, the Court will not assume plaintiff intends to withdraw the action.

Dated: February 23, 2023
      Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge